# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE, COMPANY, f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> GEMSTONE LVS, LLC, <br><br> Defendant. <br><br>——————————————————— <br> GEMSTONE LVS, LLC, <br><br> Counterclaimaint, <br><br> vs. <br><br> CHARTIS SPECIALTY INSURANCE, COMPANY, f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO. <br> CounterDefendant. | Case No. 2:11-cv-1669-MMD-CWH <br><br> **ORDER** |

This matter is before the Court on Plaintiff Chartis Specialty Insurance Company's ("Chartis") Motion for Stay of Discovery (#26), filed April 13, 2012. The Court also considered Defendant Gemstone LVS, LLC's ("Gemstone") Response (#30), filed May 7, 2012, and Chartis' Reply (#31), filed May 24, 2012. Additionally, this matter is before the Court on Gemstone's Request that the Motion for Stay of Discovery Be Heard on an Order Shortening Time (#33), filed June 8, 2012. The Court also considered Chartis' Response (#36), filed June 11, 2012, and Gemstone's Reply (#38), filed June 15, 2012. Finally, this matter is before the Court on the parties' Stipulation and Proposed Order to Extend Discovery (#37), filed June 12, 2012, and Joint Request for Pretrial Conference (#42), filed July 25, 2012.

## **BACKGROUND**

On October 14, 2011, Plaintiff Chartis filed a declaratory relief action against Defendant Gemstone in connection with claims brought by the Manhattan Homeowners Association ("MHA") in a construction-defect lawsuit pending in Nevada state court. Chartis seeks a declaration that it has no duty to defend or indemnify Gemstone under the Commercial Umbrella Liability Policy No. BE268537 (the "Policy"). Gemstone paid over $900,000 in premiums for this Policy, which covers the period of July 6, 2004 through August 15, 2007. It is subject to a "Retained Limit" of $1 million for Buildings 1-7 of the project and $2 million for Buildings 8-9.

On January 12, 2012, Chartis filed a motion for partial summary judgment and dismissal of Gemstone's counterclaims (#13). Chartis contends that partial summary judgment is warranted because the Retained Limit provision of the Policy cannot be satisfied through the payment of "Defense Expenses." As a consequence, Chartis asserts that Gemstone is required to pay its own defense expenses in most situations before seeking defense or indemnity under the Policy. On April 13, 2012, Chartis filed the motion to stay discovery (#26) contending that the language of the Policy is unambiguous excluding "Defense Expenses" from the "Retained Limit." As a result, Chartis argues that the type of extrinsic evidence available through discovery is not material to the partial summary judgment motion. Chartis also alleges that Gemstone is not entitled to discovery on its counterclaim for bad faith denial of defense because there is no breach of duties between insurer and insured where there is no insurance coverage.

In response, Gemstone argues it needs to conduct discovery in order to prepare its defense of the motion for partial summary judgment. Specifically, Gemstone asserts that at the time the Policy was purchased, it was understood that Chartis would provide insurance coverage for a construction defect lawsuit. As a result, Gemstone argues that the terms of the Policy are ambiguous. Additionally, Gemstone contends that discovery is justified on its counterclaim of breach of the implied covenant of good faith and fair dealing and unfair claim practices. If the duty to defend is defined as narrowly as Chartis suggests, then Gemstone argues that discovery is needed to prove Chartis' bad faith purpose in drafting an illusory Policy. Gemstone also highlights the fact that the resolution of the motion for partial summary judgment will not dispose of the entire case.

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation. Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). Common examples of situations warranting a stay of discovery are those with preliminary issues of jurdiction, venue, or immunity. *Id*. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The power to stay proceedings is incidental to "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). An overly lenient standard for granting motions to stay discovery due to pending dispositive motions would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This often requires a magistrate judge to take a "preliminary peek" at the motion that is pending before the district judge. *Id.*

The Court conducted a preliminary peek of the pending motion for partial summary

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

judgment and finds that Chartis has not made the strong showing necessary to support the requested stay. This matter does not deal with preliminary issues of jurisdiction, venue, or immunity that typically warrant a stay of discovery. Nonetheless, Chartis argues that the interpretation of an insurance policy raises a similar preliminary issue because it is a question of law that must be decided without the use of extrinsic evidence. *See Federal Ins. Co. v. American Hardware Mut. Ins. Co.*, 124 Nev. 318, 322 (2008) (noting that when facts are not in dispute, contract interpretation is a question of law); *see also Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 281 (2001) (finding parol evidence cannot be used to supercede the express, unambiguous terms of the contract); *see also D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F.Supp.2d 1262, 1268 (D. Nev. 2008) (finding defendant not entitled to a continuance to conduct discovery regarding the meaning of an unambiguous contract). Accordingly, Chartis asserts that the language of the Policy is unambiguous and Gemstone has no need for discovery to prepare its defense of the motion for partial summary judgment. The Court notes that parol evidence is generally inadmissible for the purpose of demonstrating the existence of an ambiguity because doing so would "eviscerate" the parol evidence rule. *Id.* at 1269.

On the other hand, when ambiguity in the language of a policy exists, the court may consider not only the language of the policy, but also the "intent of the parties, the subject matter of the policy, and the circumstances surrounding its issuance." *Vigilant Ins. Co. v. Lincoln General Ins. Co.,* 362 Fed.Appx. 841, 844 (9th Cir. 2010) *citing Natl. Union Fire Ins. Co. Of State of Pa., Inc. v. Reno's*, 100 Nev. 360, 365 (1984). Gemstone argues that the Policy can be reasonably interpreted to mean that payments of attorneys' fees and costs made by another insurer are treated as "damages" rather than "Defense Expenses." As such, Gemstone contends that the Policy is ambiguous as to whether the Retained Limit can be reduced by payments of attorneys' fees and cost by another insurer.[2] Based on the premise that there is ambiguity in the Policy, Gemstone seeks

---

[2] Gemstone cites to a recent case, *Chartis Specialty Ins. Co. v. Queen Anne HS, LLC*, 2012 WL 1133186 (W.D. Wash. Apr. 4, 2012), in which Chartis' duty to defend was at issue and the court noted that if Chartis wished to preclude payment by promissory note, it was obligated to do so expressly. Gemstone argues that similar to that case, Chartis should have expressly defined "damages" to exclude

discovery of Chartis' files on the Policy, guidelines or policies for evaluating the existence of a defense or coverage obligation, and other information relevant to the definition of damages and Chartis' duty to defend. This type of discovery is relevant to understanding the intent of the parties, more specifically, whether it was understood that Chartis would provide insurance coverage given the construction defect lawsuit. Gemstone may not be able to rely on parol evidence on the issue of whether an ambiguity exists. However, the Court is not convinced that Gemstone's discovery requests are unnecessary to its defense of the motion for partial summary judgment.

More significantly, if granted, the partial summary judgment motion will not dispose of the entire case. Gemstone highlights the fact that it also seeks discovery on its counterclaim. It asserts that even if the Policy terms are unambiguous, discovery is appropriate to gather evidence regarding Chartis' bad faith in drafting the Policy. *See Turk v. TIG Ins. Co.*, 616 F.Supp.2d 1044, 1052-54 (D. Nev. 2009) (allowing defendant's claim for breach of the implied covenant of good faith and fair dealing to continue in the absence of insurance coverage). Gemstone seeks discovery aimed at determining how the underwriters of the Policy calculated the premium and intent in drafting the language. Chartis argues that discovery is unnecessary on the counterclaim because it cannot survive a determination of no insurance coverage. Alternatively, Chartis contends that its Policy is not illusory because it covers some risk reasonably anticipated by the parties. The Court is not persuaded that discovery should be stayed on Gemstone's counterclaim for breach of the implied covenant of good faith and fair dealing and unfair claim practices. Recently, a Nevada court found some provisions in an insurance policy void as against public policy because the duty to defend was defined so narrowly in favor of the insurer. *United Nat. Ins. Co. v. Assurance Co. of America*, 2012 WL 1931521 (D. Nev. May 29, 2012) (denying insurer's motion for summary judgment because none of the proffered reasons for why it had no duty to defend were valid). Accordingly, Chartis has not carried its heavy burden in convincing the Court that discovery is unnecessary to Gemstone's defense of the partial summary judgment or would have no practical effect on the disposition of Gemstone's counterclaim.

---

attorneys' fees and costs.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** Plaintiff Chartis' Motion for Stay of Discovery (#26) is **denied**.

**IT IS FURTHER ORDERED** Gemstone's Request that the Motion for Stay of Discovery Be Heard on an Order Shortening Time (#33) is **denied as moot**.

**IT IS FURTHER ORDERED** the parties' Stipulation and Proposed Order to Extend Discovery (#37) is **granted** subject to the following modifications as the Court finds good cause for an extension of ninety (90) days rather than the proposed one hundred and twenty (120) days:

| | | |
|---|---|---|
| 1. | Discovery cutoff | **December 3, 2012** |
| 2. | Expert designations | **October 4, 2012** |
| 4. | Rebuttal expert designations | **November 3, 2012** |
| 5. | Interim status report | **October 4, 2012** |
| 6. | Dispositive motions | **January 2, 2013** |

**IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of good cause as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery or at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

    a.    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    b.    A specific description of the discovery which remains to be completed;

    c.    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

    d.    A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery.  No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a

motion, or for trial, may be made only with approval of the Court." *See* LR 7-1(b).

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by **February 1, 2013**. If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions.

**IT IS FURTHER ORDERED** the parties' Joint Request for Pretrial Conference (#42) is **denied as moot**.

DATED this 8th day of August, 2012

_____
C.W. Hoffman, Jr.
United States Magistrate Judge