ALVERSON, TAYLOR, MORTENSEN & SANDERS

J. Bruce Alverson, Esq.
Nevada Bar No.: 001339
Nathan R. Reinmiller, Esq.
Nevada Bar No.: 006793
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: 702-384-7000
Fax: 702-385-7000

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>  Plaintiff,<br>  v.<br><br>GEMSTONE LVS, LLC,<br><br>  Defendant. | NO. 2:11-CV-01669-MMD-CWH<br><br>STIPULATED PROTECIVE ORDER |
| GEMSTONE LVS, LLC,<br><br>  Counterclaimant,<br>  v.<br><br>CHARTIS SPECIALTY INSURANCE COMPANY, f/k/a AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>  Counter-defendant. | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, CHARTIS SPECIALTY INSURANCE COMPANY and GEMSTONE LVS, LLC, are parties to the above-captioned action; and

WHEREAS, the parties believe that certain information, documents, electronically stored information, and tangible things of the parties and non-parties, which will be subject to discovery in this action, may be claimed to be or may contain trade secrets, proprietary information, or other confidential

research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, each of the parties believes that certain information, documents, electronically stored information, and tangible things produced or to be produced during discovery in this action should be kept confidential in order to protect the legitimate business interests of the parties and their customers, business partners, and other non-parties to this action.

NOW THEREFORE in the interest of expediting discovery and permitting discovery to proceed without delay occasioned by possible disputes regarding such claims of confidentiality, the parties have agreed to provide access to and to accept such information, documents, electronically stored information, and tangible things subject to certain protective provisions set forth herein.

**IT IS HEREBY AGREED BY COUNSEL FOR THE PARTIES AND ORDERED BY THIS COURT**, that:

1. **Definitions.**

For purposes of this Protective Order, the following definitions shall apply:

(a) "Action" means the above-captioned action, which is pending in the United States District Court, District of Nevada, No. 2:11-CV-01669-MMD-CWH.

(b) For purposes of this Protective Order only, "Party" or "Parties" include the parties to this action, and also include shareholders, consultants, advisors, and the successors and assigns of parent, subsidiary or affiliate companies.

(c) "Discovery Material" means information, documents and electronically stored information (as defined by Fed. R. Civ. P. 34), and tangible things requested to be produced from a Party or produced by a Party in response to interrogatories, requests for documents, requests for admissions, subpoenas, court orders as well as deposition, hearing or trial testimony, transcripts and

exhibits. "Discovery Material" shall also mean materials produced or exchanged in any mediation or other alternative dispute resolution proceeding in this Action.

(d) "Disclosing Party" means any person who is requested to produce or who produces Discovery Material in this Action to a Receiving Party.

(e) "Receiving Party" means any person who requests or receives Discovery Material in this Action from a Disclosing Party.

(f) "Confidential Information" means non-public Discovery Material, including the information contained therein and all copies, abstracts, summaries, notes or other derivations of the Discovery Material, that the Disclosing Party reasonably believes in good faith constitutes a trade secret or other proprietary or confidential, research, development, or commercial information within the meaning of the Federal Rules of Civil Procedure. "Confidential Information" shall not include Discovery Material that:

(i) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(ii) is acquired by the Receiving Party from a non-party having the right to disclose, and with no restriction on the use or disclosure of, such information or material;

(iii) was lawfully possessed, as demonstrated by written records, by the Receiving Party prior to the entry by the Court of this Protective Order and not from another person who was bound to a duty of nondisclosure (however, if obtained pursuant to some other confidentiality agreement or order, the material shall continue to be subject to, and treated in accordance with, that other agreement or order);

(iv) was independently developed, as demonstrated by written records, by the Receiving Party without reference to or reliance on the Disclosing Party's Confidential

STIPULATED PROTECTIVE ORDER – 3

Information and not from another person who was bound to a duty of nondisclosure;

(v)     on its face shows that it has been published to the general public; or

(vi)    has been submitted to any governmental entity without request for confidential treatment.

(g)     "Vendor" means an individual, company or organization, retained by a Party for this Action, to provide litigation support services, such as photocopying, videotaping, translating, document processing, graphics, or data organization, storage and retrieval.

(h)     "Independent Expert/Consultant" includes any person, other than a Vendor, not presently employed by any Party or its Outside Counsel, who is retained or will be retained by or on behalf of a Party to advise and assist in the preparation, presentation, and/or settlement of this Action.

**2.     Applicability of Protective Order.**

This Protective Order shall apply to and govern all depositions and all information, documents, electronically stored information, and tangible things produced in response to all forms of discovery taken in this Action pursuant to the Federal Rules of Civil Procedure, including but not limited to: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition, hearing and trial transcripts (and exhibits thereto) and all original written, recorded, graphic or electronic material (and all identical and non-identical copies thereof), (b) any copies, notes, abstracts or summaries of such information, and the information itself, or (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information, all of which may be designated as "CONFIDENTIAL" under this Protective Order to the extent such designation is consistent with the provisions of this Protective Order.  This Protective Order shall also apply to and govern all materials produced or exchanged in any mediation or other alternative dispute resolution proceeding in this Action.

3.     **Identification of Documents and Tangible Things.**

Copies of all documents and tangible things produced by any Party shall be numbered and shall include a prefix which differs from any prefix used by the other Party and makes clear the identity of the Disclosing Party.

4.     **Permissible Designations.**

Any Party to this Action, and any non-party from whom discovery is sought in connection with this Action and who agrees to be bound by the provisions of this Protective Order, may designate as "CONFIDENTIAL" any Discovery Material containing Confidential Information.

5.     **Access to Confidential Information Designated as "CONFIDENTIAL".**

As specifically permitted by this Protective Order and until and unless the Court rules otherwise, Confidential Information designated as "CONFIDENTIAL" shall be maintained in confidence by the Receiving Party and shall not be disclosed to any person except:

(a)     A Party, or an officer, director, employee, claims administrator or in-house counsel for a Party;

(b)     A Party's counsel (including but not limited to counsel of record, and in-house counsel of the Parties), including their clerical, litigation support and paralegal employees;

(c)     Any Independent Expert/Consultant for a Party, together with its clerical staff, retained by counsel to assist in the prosecution, defense or mediation of this Action; provided, however, that any such Independent Expert/Consultant has first signed an acknowledgment and undertaking in the form of the attached **Exhibit A**.  Counsel for the Receiving Party shall maintain a copy of such acknowledgment and undertaking and shall provide it to counsel for the Disclosing Party upon request;

(d)     An actual or prospective witness who will or may testify at any deposition or other proceeding in this action and/or counsel for such witness; provided, however, that any such witness has

first signed an acknowledgment and undertaking in the form of the attached **Exhibit A.**  Counsel for the Receiving Party shall maintain a copy of such acknowledgment and undertaking and shall provide it to counsel for the Disclosing Party upon request;

(e) Any Vendor for each of the Parties; provided, however, that any such Vendor has first signed an acknowledgment and undertaking in the form of the attached **Exhibit A.**  Counsel for the Receiving Party shall maintain a copy of such acknowledgment and undertaking and shall provide it to counsel for the Disclosing Party upon request;

(f) Any court reporter and video recorder operator expressly retained by any Party to transcribe or record a deposition in this Action;

(g) The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as "CONFIDENTIAL";

(h) With respect to Chartis Specialty Insurance Company, its reinsurers, retrocessionaires, regulators, auditors, and claims handlers, including Chartis Claims, Inc. and any successor entity; and

(i) Any other person, if the Party whose Confidential Information is being produced agrees in writing.

**6.     Inspection of Confidential Information.**

In the event the Disclosing Party elects to produce documents or other material for inspection, the Disclosing Party can choose not to make markings in advance of the inspection.  During the inspection, all such documents or other materials shall be treated by the Receiving Party as if they are marked "CONFIDENTIAL."  After selection by the Receiving Party of specified documents or materials for copying, the Disclosing Party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the Receiving Party.  In the alternative, the Disclosing Party can chose to identify, through a means agreed

on in writing by the parties, which of the documents should be treated as "CONFIDENTIAL" at the time of the inspection.  The Receiving Party shall then make appropriate copies, and shall place designations on the specified documents or materials.

7.   **Application of Designations to Documents.**

In the case of documents containing Confidential Information, the designation "CONFIDENTIAL" shall be marked on each page of the documents at the time such documents are produced (or shall be identified by another means agreed to in writing by the parties), or as soon thereafter as the Disclosing Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

8.   **Application of Designations to Testimony.**

Testimony given at a deposition, hearing or trial and the resulting transcript (including exhibits) may be designated as "CONFIDENTIAL" by an appropriate statement at the time of the giving of such testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection during the proceeding at which such testimony is given, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers or gives the testimony may request that such testimony be treated as though designated "CONFIDENTIAL" pending identification of the specific portions of testimony for which protection is sought.  When such a statement is made, all Parties shall maintain the deposition, hearing or trial transcript and information contained therein as so designated up until fourteen (14) calendar days after receipt of the court reporter's final version of the transcript.  During that period, the Party desiring to maintain confidentiality more than fourteen (14) calendar days after a Receiving Party's receipt of a copy of the transcript must designate in writing those portions of the transcript regarded as "CONFIDENTIAL."  Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this

Protective Order. Designation in writing may be made by instructing the court reporter to so mark the copy of the transcript either during the deposition or during the fourteen-day period after receipt of the transcript. Transcript pages containing designated "Confidential Information" must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. For convenience, the Parties may agree to designate the entire transcript of a deposition as "CONFIDENTIAL".

9. **Inadvertent Failure to Apply Designation.**

Discovery Material produced without the designation of "CONFIDENTIAL" may be so designated subsequent to production or testimony when the Disclosing Party failed to make such designation at the time of production or during the testimony through inadvertence or error. After production, if a Party believes it has missed documents which are Confidential Information and were produced without the "CONFIDENTIAL" stamp, that a Party may supplement its designations of Confidential Information by serving a Confidential Information Log on all Parties identifying such information by Bates range, to designate additional documents it deems to be "Confidential Information."

10. **Challenges to Designation of Particular Discovery Material.**

A Party may challenge a Disclosing Party's designation of Discovery Materials as "CONFIDENTIAL" by notifying the Disclosing Party. Upon notification of such challenge, the Parties shall confer in good faith within 7 business days of notification as to the validity of the designation. If agreement cannot be reached as to the designation within this period, the Party objecting to the designation may make an appropriate application to the Court within ten (10) business days thereafter, in which the Disclosing Party designating the material as "CONFIDENTIAL" shall have the burden of

showing cause to the Court why the specifically identified Discovery Material should be treated as "CONFIDENTIAL." Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the Discovery Material in question as "CONFIDENTIAL."

**11.  Right to Assert Other Objections.**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, lack of relevance or other grounds for not producing Discovery Material.

**12.  Inadvertent Production of Privileged Discovery Material.**

If a Party inadvertently produces a document that it later discovers to be privileged (*i.e.*, a document covered by the attorney-client privilege, work product doctrine, common interest doctrine, or other applicable privilege and/or immunity), the production of that document shall not be deemed to constitute the waiver of any applicable privilege and/or immunity. In such circumstance, upon discovering that such privileged Discovery Material may have been produced, the Disclosing Party must immediately notify the Receiving Party in writing of the inadvertent production. After being notified, the Receiving Party must comply with the provisions of Fed. R. Civ. P. 26(b)(5)(B) with respect to the handling of such privileged Discovery Materials.

**13.  Limitation of Use of Discovery Material.**

All Discovery Material exchanged between the Parties in this Action, whether designated under provisions of this Protective Order or not, shall be used solely for the prosecution, defense or mediation of the claims asserted in this Action and shall not be used for any business, commercial, competitive, marketing, public relations, personal or other purpose. Counsel and the Parties hereto shall take reasonable steps necessary to maintain Confidential Information in confidence and prevent persons from using, disclosing or recording the Confidential Information for any other purpose.

**14.     Handling of Confidential Information.**

All Confidential Information shall be stored in a secure and safe area and the Receiving Party shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such Confidential Information as is exercised by the Receiving Party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care.  The Receiving Party shall be responsible for preventing any disclosure of such Confidential Information, except in accordance with the terms of this Protective Order.

**15.     Request by Non-Parties for Confidential Information.**

If Confidential Information in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall promptly give written notice by hand, overnight mail, electronic mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Disclosing Party.  Counsel for the Party whose Confidential Information is being demanded or subpoenaed may seek to prevent or block the non-party from obtaining the Confidential Information by motion to quash or motion for protective order.  The Party receiving the demand or subpoena shall have no affirmative obligation to block or prevent the production of Confidential Information, and shall comply with any legally required production of Confidential Information unless the Party whose Confidential Information is being demanded or subpoenaed timely acquires a judicial order barring such production.

**16.     Presenting Confidential Information to the Court.**

If a Party wishes to file papers with the Court that include Discovery Material designated as "CONFIDENTIAL" the Party shall file such documents under seal pursuant to this Court's rules. However, notwithstanding the foregoing, if the Party which provided a document in discovery that was stamped "CONFIDENTIAL" chooses to file it with the Court without going through such process, or to offer testimony containing its own Confidential Information, it may do so. If such a filing occurs by the Party which originally marked the document "CONFIDENTIAL", that particular filed document is no longer Confidential Information under this Protective Order.

**17.     Destruction or Return of Confidential Information.**

This Protective Order shall survive the final termination of this action, including any appeals, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information. Upon settlement, final judgment, or termination of this action, including any appeals, and at the Disclosing Party's written instruction, all Confidential Information produced hereunder shall be either returned to the Disclosing Party or destroyed, except that Confidential Information may be retained to the extent required to comply with applicable law or regulation, but only to the extent and only for the time period so required. In the event that Confidential Information is destroyed, an affidavit of destruction shall be provided.

**18.     Party's Disclosure of its Own Confidential Information.**

Nothing in this Protective Order prevents a Party from disclosing its own documents and information as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Protective Order. Such agreements may be submitted to the Court for entry as an order.

**19.     Modification of Protective Order.**

It is the intention of the Parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this Action.  This Protective Over shall not prejudice the Parties' ability to seek any future modification of this Protective Order.  This Protective Order shall not prejudice the right of the Parties to file a motion with the Court seeking a separate protective order as to any particular document or information including restrictions different from those specified herein.

**20.     No Admission Or Waiver.**

Neither this Protective Order, nor the production of any Confidential Information under this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed (i) to be an admission or waiver by any Party of any sort, including, without limitation, a waiver of any objection to discovery or admissibility, (ii) grounds for compelling discovery to which a Party has objected or overcoming any objection to discovery request, (iii) to alter the confidentiality or non-confidentiality of any documents or information, (iv) to waive or alter any attorney-client, attorney work product, or any other privilege which would otherwise prohibit the production of a document, or (v) to alter any existing obligation of the Parties.  The disclosure by a Party of its own Confidential Information or the Confidential Information of another Party (whether inadvertent, before execution of this Protective Order, or otherwise) shall not modify, waive, or alter the confidentiality or non-confidentiality of any such documents or information or a Party's ability to seek a protective order regarding the disclosed information or its return.  No Party may use this Protective Order to compel discovery from any other Party and the existence of the Protective Order is not grounds overcoming any objection to discovery.

IT IS SO ORDERED this 26 day of __September__, 2012.

_____
HONORABLE CARL W. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER AGREED TO IN FORM AND SUBSTANCE BY THE PARTIES:

ALVERSON, TAYLOR, MORTENSEN & SANDERS

/s/   J. Bruce Alverson
J. Bruce Alverson, Esq.
Nevada Bar. No.:  001339
Nathan R. Reinmiller, Esq.
Nevada Bar. No.:  006793
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: 702-384-7000
Fax:  702-385-7000

Attorneys for Plaintiff/ Counter defendant Chartis Specialty Insurance Company


ARMSTRONG TEASDALE LLP

/s/  Kevin R. Stolworthy
Kevin R. Stolworthy, Esq.
Nevada Bar No.: 2798
Conor P. Flynn, Esq.
Nevada Bar No.: 11569
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel:  702-678-5070
Fax:  702-878-9995
Attorneys for Defendant/Counterclaimant Gemstone LVS, LLC

# EXHIBIT A

**NON-DISCLOSURE AGREEMENT**

I, _____, hereby acknowledge that I am about to receive Confidential Information, as defined in the Protective Order agreed to by the Parties and so ordered by the Court in this above-captioned Action.

I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restriction of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order.  I hereby agree to be bound by the terms of the Protective Order.  I clearly understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return all materials containing Confidential Information, copies thereof, and notes that I have prepared relating thereto, to Outside Counsel for the Party by whom or on whose behalf I am retained as required by Paragraphs 5 and 17 of the Protective Order.  I hereby submit to the jurisdiction of this Court solely for the purpose of any proceedings related to the performance under, compliance with, or violation of the Protective Order.

I make the above statements under penalty of perjury.

_____

Printed Name:_____

Company Name/Address/Phone:

_____

_____

_____